IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM VICTOR,** <br> **Plaintiff** | No. 3:24-CV-0781 |
| v. | (Judge Munley) |
| **SECRETARY HARRY, et al.,** <br> **Defendants** | |

## MEMORANDUM

Plaintiff William Victor lodged the instant *pro se* civil rights lawsuit under 42 U.S.C. § 1983 in May 2024. He has moved for leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. However, because Victor has filed at least three federal lawsuits while incarcerated that have been dismissed for failure to state a claim, and because he is not facing an imminent threat of serious physical injury, he is statutorily barred from proceeding IFP and must pay the full filing fee to proceed with this action.

I.  **BACKGROUND**

Victor is an avid *pro se* litigant, filing numerous civil rights lawsuits in the Eastern, Middle, and Western Districts of Pennsylvania over approximately 21 years of imprisonment in state correctional institutions. As one federal court described in 2020, Victor "has been litigating one or more civil complaints continuously for the last fifteen years," and his allegation of retaliation in that

case lacked a causal connection because "[Victor] is involved in so many litigation matters that any action affecting [him] is certain to closely follow in time some filing by him." Victor v. Superintendent M. Overmyer, No. 1:18-cv-366, Doc. 23 at 4-5 (W.D. Pa. Mar. 16, 2020) (report & recommendation).

Notably, Victor has filed three previous civil rights lawsuits in federal court that have been dismissed as meritless.[1] All three cases were dismissed for failure to state a claim upon which relief may be granted, giving Victor three "strikes" under 28 U.S.C. § 1915(g). See Victor v. Huber, 3:12-cv-282, Docs. 51, 52 (M.D. Pa. Feb. 26, 2013) (adopting report and recommendation and dismissing case with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6)); Victor v. Superintendent M. Overmyer, No. 1:18-cv-366, Docs. 25, 26 (W.D. Pa. Apr. 16, 2020) (adopting report and recommendation and dismissing case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); Victor v. Fayette County, No. 2:20-cv-286, Doc. 21 (W.D. Pa. May 5, 2022) (adopting report and recommendation and dismissing case with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) following screening of amended complaint).

---

[1] See generally Victor v. Huber, 3:12-cv-282 (M.D. Pa.); Victor v. Superintendent M. Overmyer, No. 1:18-cv-366 (W.D. Pa.); Victor v. Fayette County, No. 2:20-cv-286 (W.D. Pa.).

2

Victor has moved for leave to proceed IFP in the case at bar. (See Doc. 2). However, he cannot proceed IFP here because he has had at least three prior dismissals for failure to state a claim and he is not in imminent danger of serious physical injury. In other words, Victor has "struck out" under 28 U.S.C. § 1915(g) and his motion for IFP must be denied.

## II. DISCUSSION

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortiz-Marquez, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020) (quoting Jones v. Bock, 549 U.S. 199, 203 (2007)). This rule is codified in Section 1915(g) of Title 28 of the United States Code and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The three-strikes rule supplies "a powerful economic incentive" for prisoners to avoid filing "frivolous lawsuits or appeals." Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (en banc).

Within Section 1915(g), Congress carved out a limited exception to the three-strikes rule, permitting a prisoner who has accrued three strikes to proceed

IFP in a subsequent case if he establishes that he is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The United States Court of Appeals for the Third Circuit has held that an inmate "may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar, 239 F.3d at 312. "Imminent dangers" are ones which are "about to occur at any moment or are impending," not harms that have already occurred. Ball v. Famiglio, 726 F.3d 448, 467 (3d Cir. 2013), abrogated in part on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015). Claims of imminent danger that are "conclusory or ridiculous" do not qualify. Id. at 468.

As stated above, Victor has filed at least three civil rights cases in federal court while incarcerated that were dismissed for failure to state a claim upon which relief may be granted. Victor, therefore, has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Moreover, Victor has not plausibly pled facts that indicate that he is in imminent danger of serious physical injury. The gravamen of Victor's lawsuit is that he has allegedly been retaliated against for filing a prior lawsuit by being transferred to SCI Camp Hill from SCI Phoenix. His subsidiary allegations aver a

4

wide-ranging purported conspiracy to retaliate and the denial of certain mental health care (*i.e.*, "out of cell IONI trauma treatment," (see Doc. 1 ¶ 41)).[2] Victor's claims involving deficient mental health care, however, do not implicate an imminent danger of serious *physical* injury. Victor, therefore, cannot avail himself of the "imminent danger" exception.

Accordingly, Victor's application for IFP must be denied. If Victor desires to proceed with the instant case, he must first pay the requisite $405 fee, representing the $350 filing fee and $55 administrative fee applicable in the Middle District of Pennsylvania. If Victor does not timely pay the full fee, his case will be dismissed pursuant to 28 U.S.C. § 1914.

### III.  CONCLUSION

Victor has struck out under the PLRA, so the court will deny his request for leave to proceed *in forma pauperis* in the instant case. If Victor desires to continue with this case, he must pay the full $405 filing fee. An appropriate Order follows.

Date: 6/28/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

---

[2] Although Victor also alleges that he was not initially given his medically necessary arch-support sneakers by SCI Camp Hill officials, he admits that he was provided those shoes on March 8, 2024. (Doc. 1 ¶ 24).